50 CCPA
**BEMIS BRO. BAG COMPANY, Appellant,**

v.

**CONTINENTAL CAN COMPANY, Inc., Appellee.**

**Patent Appeal No. 6912.**

United States Court of Customs and Patent Appeals.

Feb. 13, 1963.

John D. Pope III, St. Louis, Mo. (J. Harold Kilcoyne, Washington, D. C., Koenig, Pope, Senniger & Powers, St. Louis, Mo., of counsel), for appellant.

William A. Dittmann, Chicago, Ill., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH and ALMOND, Judges.

MARTIN, Judge.

Appellant, Bemis Bro. Bag Company, appeals from a decision of the Patent Office Trademark Trial and Appeal Board dismissing its opposition to an application by appellee, Continental Can Company, Inc., for registration of DUO-TITE for bags composed principally of laminated paper, plastic film and/or metal foil. Use of the mark by appellee on the designated goods since 1956 is alleged.

Appellant is the registrant of DUO-TEX for fabric bags made either of fabric alone or a combination of fabric and paper.[1]

The record shows appellant's use of DUOTEX has been on a textile bag that has either a paper or other barrier attached to the textile by means of a colorless adhesive and that all the bags sold by appellant with the DUOTEX trademark are fabric laminated bags. In the last ten years appellant has used DUO-TEX in connection with a minimum of twenty million bags.

The board found appellant's registrations sufficient to establish appellant's ownership of and prior rights in the mark DUOTEX per se. It further found that the different types of bags "marketed under the marks DUOTITE and

[1] Reg. No. 290,810, issued Jan. 19, 1932, published under Sec. 12(c) of the Act of 1946 on Mar. 30, 1948, and renewed; and Reg. No. 500,705, issued June 22, 1948.

DUOTEX are products which can be produced by a single manufacturer." It also found that appellant

> "* * * has continuously advertised its 'DUOTEX' bags in trade publications, by direct mailing of descriptive literature, by exhibits at trade shows, and by personal solicitation by its staff of salesmen."

The board considered the question of likelihood of confusion to turn on whether DUOTITE so resembles DUOTEX that purchasers are likely to attribute the bags sold under said mark to opposer.

In dismissing the opposition, the board stated:

> "The marks 'DUOTITE' and 'DUOTEX' are alike primarily in that each comprises the term 'DUO' as the prefix. 'DUO' is defined in Webster's New International Dictionary, Second Edition, (1947), as a combining form meaning two. In view thereof and since the bags in connection with which the parties use these marks are two-ply or two layer bags, it is apparent that the term 'DUO' has and would have to purchasers a highly suggestive significance as applied to the bags of the parties. Considering therefore the nature of the term 'DUO' and the differences between the suffix portions, 'TITE' and 'TEX', it is concluded that the marks 'DUO-'TITE' and 'DUOTEX', when considered in their entireties, are sufficiently different to obviate any likelihood of confusion in trade as to source."

Appellant argues that the board is in error in holding the marks DUOTEX and DUOTITE are sufficiently different to obviate the likelihood of confusion in the trade as to the source of the goods to which the marks are applied, in spite of its finding that the bags of the types marketed under the marks could be and were produced by a single manufacturer. It also urges that the board's dissection of the marks DUOTEX and DUOTITE is improper since both marks represent an integral unit when applied to the goods of the parties and that each mark accordingly makes a unitary impact upon purchasers. Appellant contends that it has sold "a tremendous quantity of bags under the trademark DUOTEX so that obviously a secondary meaning has been secured irrespective of any criticism which could have been directed at appellant's trademark DUOTEX initially" and that this secondary meaning has been secured for the trademark DUOTEX as a unit. It is argued that DUOTEX and DUOTITE are similar in both sound and appearance.

Appellee, on the other hand, urges that while the board did consider the respective parts of the marks, its decision was based upon the consideration of DUO-TITE and DUOTEX in their entireties. It argues further that the record does not show that DUOTEX was even used on the bags themselves, and, therefore, the fact that appellant sold 20 or 30 million bags is irrelevant.

It is true that the record does not establish the fact that DUOTEX was printed on the bags themselves. However, there is sufficient evidence in the record to convince us that the mark has been employed in various ways in connection with appellant's bags and that appellant has established DUOTEX as an indication of source of its bags through various media. Furthermore, even though appellant employs a different trademark on the bag it manufactures which is substantially similar to that manufactured by appellee, it is obvious from the fact that it does manufacture such a bag and other evidence in the record, that the merchandise as a whole of both parties is such that it could emanate from the same source. There is no doubt that the channels of trade are the same in most instances and that the bags are usually bought in large quantities by a class of people which might place them in a more or less discriminating category. However, we do not believe that this fact would preclude confusion among them if the marks themselves are likely to cause purchaser confusion.

We agree with the board that the prefix DUO is highly suggestive when applied to the bags of the parties but when we consider the marks in their entireties, we come to the conclusion that in appearance, sound and in the overall impression that the marks make, they are so similar that the use by appellee of the mark DUOTITE on its merchandise is likely to cause confusion among purchasers.

For the above reasons we *reverse* the decision of the Trademark Trial and Appeal Board.

Reversed.